UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE D. WILLIAMS,<br><br>             Plaintiff,<br><br>       v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>             Defendant. | NO. CV 07-03556 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

   Plaintiff Jacqueline D. Williams ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. This matter is before the Court on the parties' Joint Stipulation ("Jt. Stip."), filed on April 1, 2008. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

I.

**PROCEDURAL HISTORY**

Plaintiff filed an application for DIB and SSI on August 15, 2003. (Administrative Record ("AR") 88-90, 287A-287B). Plaintiff alleged that she is disabled due to pinched nerves, arthritis and pain in her lower back, finger and knee joints, right shoulder, neck and arms. (AR 99). Plaintiff notes that her disability onset date was November 30, 2001. (AR 88, 287A).

On November 26, 2003, the Agency denied Plaintiff's claims for benefits. (See AR 49-52). On October 5, 2004, Administrative Law Judge ("ALJ") Zane Long conducted a hearing to review Plaintiff's claims. (AR 307-23). On July 7 and October 20, 2005, the ALJ held supplemental hearings. (AR 324-357). Plaintiff, who was represented by counsel, testified at all three hearings. (AR 312-21, 328-30, 339-49). A vocational expert ("VE"), Sandra Trost, also testified. (AR 346-57). The ALJ denied benefits on January 17, 2006. (AR 19-30). Plaintiff sought review of the ALJ's decision before the Appeals Council. (AR 12). On April 24, 2007, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (AR 6-8). Plaintiff commenced the instant action on June 5, 2007.

II.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her

2

from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work that she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

  (4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five.

  (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education and work experience. Tackett, 180 F.3d at 1099-1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and significant nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

## III.

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process discussed above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (AR 20, 29). At step two, the ALJ found that Plaintiff's mild degenerative joint disease of the lumbar spine with facet arthropathy L4-5 and L5-S1, bilateral knee arthritis, obesity, mood disorder (not otherwise specified) and personality disorder (not otherwise specified) with borderline passive/aggressive traits were severe impairments. (AR 21, 29). At step three, the ALJ ascertained that Plaintiff's impairments did not meet or equal a listing. (Id.).

At step four, the ALJ found that Plaintiff retained the following RFC:

> [Plaintiff] is able to lift/carry 20 pounds occasionally, 10 pounds frequently, stand/walk 4 hours and sit 6 hours in an 8 hour day. She should be able to sit/stand at will with stool available. She is able to occasionally, climb, balance, kneel, crouch, crawl, and stoop. She is able to occasionally work around heights and moving machinery. She is unable to climb ladders, ropes and scaffolds. [Plaintiff] is able to perform work <u>which is limited to involving simple instructions and simple work related decisions</u>.

(AR 27; accord AR 29 (emphasis added)).

Based on the foregoing RFC, the ALJ determined that Plaintiff was not capable of performing her past relevant work. (AR 27, 29). At step five, the ALJ found that significant numbers of jobs existed in the national economy that Plaintiff could perform, taking into account her age, education, work experience and RFC. (AR 28-30). Specifically, the ALJ found that Plaintiff could perform the jobs of cashier II, listed in the Directory of Occupational Titles ("DOT") at No. 211.462-010, and counter clerk photo, DOT No. 249.366-010. (AR 30). Accordingly, the ALJ found that Plaintiff was not disabled. (AR 28-30).

## IV.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can

reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

## V.

## DISCUSSION

Plaintiff argues that the ALJ's decision should be overturned for two reasons. First, Plaintiff alleges that substantial evidence does not support the ALJ's finding that Plaintiff retains the RFC to perform the identified alternative occupations. (Jt. Stip. at 4-12, 18-22). Second, Plaintiff asserts that the testimony of the VE demonstrates that Plaintiff is disabled. (Jt. Stip. at 4, 22-26, 29-30). The Court agrees with Plaintiff's first contention and therefore does not address the second.

Residual function capacity is the most an applicant can still do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An RFC assessment takes into account all the relevant evidence in an applicant's case record. Id. Here, the ALJ determined that Plaintiff could perform at most work involving no more than "simple instructions and simple work related decisions." (AR 29). However, the jobs that the ALJ found that Plaintiff could perform require more complex reasoning abilities than those possessed by Plaintiff. According to the DOT, the cashier II position requires the ability to "[d]eal with problems involving several concrete variables" and the counter clerk photo position requires the ability to carry out "detailed" instructions. (Jt. Stip., Exh. 1).

The ALJ based his finding that Plaintiff could perform the jobs at issue on testimony to that effect by the VE, who based her opinion on her thirty years of experience and observation. (AR 28, 353). However, in formulating the qualifications possessed by the hypothetical job seeker, the ALJ did not ask the VE to consider only jobs that involved no more than following simple instructions and making simple work related decisions. Moreover, an ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007); see also Social Security Ruling 00-4p, 2000 WL 1898704 at *2. Accordingly, remand is required so that the ALJ can consider whether the VE can resolve this conflict or whether the VE can identify additional jobs that Plaintiff can perform given her limitations.

## VI.
## CONCLUSION

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on counsel for both parties.

DATED: May 22, 2008

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE